DELILAH VINZON, Cal. Bar No. 222681
   dvinzon@ftc.gov
ROBERT J. QUIGLEY, Cal. Bar No. 302879
   rquigley@ftc.gov
Federal Trade Commission
10990 Wilshire Blvd., Suite 400
Los Angeles, CA  90024
Tel:  (310) 824-4300; Fax: (310) 824-4380

Attorneys for FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> HEY DUDE INC., a corporation, <br><br> Defendant. | Case No. <br><br> COMPLAINT FOR PERMANENT INJUNCTION, MONETARY RELIEF, AND OTHER RELIEF |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), for its Complaint alleges:

1. The FTC brings this action under Sections 5(a)(1), 13(b), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 53(b), and 57b,

and the FTC's Trade Regulation Rule Concerning the Sale of Mail, Internet, or Telephone Order Merchandise ("MITOR" or the "Rule"), 16 C.F.R. Part 435, which authorize the FTC to seek, and the Court to order, permanent injunctive relief, monetary relief, and other relief for Defendant's acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. §45(a), and in violation of MITOR, 16 C.F.R. Part 435. Defendant's violations are in connection with (i) failing to offer consumers, clearly and conspicuously and without prior demand, an option to consent to a delay in shipment or to cancel an order and receive a prompt refund when Defendant failed to ship properly completed orders for merchandise within the timeframe required by the Rule, and failing to deem an order cancelled and make a prompt refund as required by the Rule, and (ii) misrepresenting that the product reviews on the Hey Dude Shoes website accurately reflected the views of all purchasers who submitted reviews of the products when, in fact, Defendant was suppressing negative reviews.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), (c)(2), (d), and 15 U.S.C. § 53(b).

## PLAINTIFF

4. The FTC is an independent agency of the United States Government created by the FTC Act, which authorizes the FTC to commence this district court civil action by its own attorneys. 15 U.S.C. §§ 41–58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also enforces MITOR, which requires mail-, Internet-, or telephone-based sellers to offer consumers an option to consent to a delay in shipping or to cancel an order and receive a prompt refund when a seller cannot ship as required by the Rule, and to deem an order cancelled and make a prompt refund to buyers under certain circumstances.

## DEFENDANT

5. Defendant Hey Dude Inc. ("Hey Dude"), formerly known as Happy One, LLC ("Happy One"), is a Delaware Corporation with its principal place of business located at 6335 North Hollywood Boulevard, Suite 100, Las Vegas, Nevada 89115. Hey Dude is also successor in interest to Lucky Top, Inc. ("Lucky Top"), which formerly operated under the d/b/a Hey Dude Shoes USA. Hey Dude, Happy One, and Lucky Top each at times conducted business under the name "Hey Dude Shoes USA" and they are referred to herein, individually and collectively, as "Hey Dude Shoes."

6. Defendant Hey Dude transacts or has transacted business in this District and throughout the United States. At all times material to this Complaint, acting alone or in concert with others, Hey Dude has advertised, marketed, or sold merchandise to consumers throughout the United States.

## COMMERCE

7. At all times relevant to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANT'S BUSINESS ACTIVITIES

8. Hey Dude Shoes is a shoe retailer that advertises, markets, and sells shoes to consumers throughout the United States and in other countries.

9. Hey Dude Shoes advertises, markets, solicits orders for, and sells merchandise over the Internet on the website www.heydude.com, and on the predecessor website www.heydudeshoesusa.com. Hey Dude Shoes also advertises, markets, and solicits orders for merchandise via social media advertisements.

10. Hey Dude Shoes includes or has included images and descriptions of the merchandise it sells on the Hey Dude Shoes website. From webpages for specific products, consumers can select the quantity, size, and color of a product, and add it to their bag for purchase. Hey Dude Shoes depicts or has depicted its merchandise as new and free from defect.

*Defendant's Shipping and Fulfillment Practices*

11. To purchase merchandise in their bag, consumers must select a shipping option, provide a shipping address, and submit payment information. Hey Dude Shoes has accepted and consumers have tendered payment for merchandise and any shipping costs in the form of credit or debit cards, PayPal, Amazon Pay, and ZIP.

12. Hey Dude Shoes has made representations about the speed of its shipping in solicitations, including on the Hey Dude Shoes website. For example, Hey Dude Shoes has stated in a banner at the top of the Hey Dude Shoes website, which has been visible from multiple webpages, "Free 2 Day Shipping on Select Styles."

13. Hey Dude Shoes has also made statements about the speed of its shipping on other pages of the Hey Dude Shoes website. For example, at times, Hey Dude Shoes has represented on the Shipping & Delivery page that the "Hey Dude Shoes Shipping & Delivery Policies" are that: "All orders placed Monday-Thursday are processed and shipped within 1 business day. Orders placed Friday afternoon – Sunday will be processed the following Monday." At times, Hey Dude Shoes has represented that "[a]ll orders placed Monday-Thursday are processed in 1-2 business days."

14. Numerous consumers throughout the United States have visited and purchased merchandise from the Hey Dude Shoes website.

15. In numerous instances after consumers have submitted orders for merchandise on Hey Dude Shoes's website, Hey Dude Shoes has not shipped one or more items of ordered merchandise to consumers. In numerous instances, such items were out of stock or Hey Dude Shoes shipped merchandise that was materially different from what consumers ordered.

16. In numerous instances when Hey Dude Shoes has not shipped one or more items of ordered merchandise, Hey Dude Shoes has not cancelled the order and provided consumers a prompt refund. In numerous instances when a refund has been

provided for unshipped merchandise, Hey Dude Shoes has not refunded the full price paid for the merchandise.

17. In numerous instances, when Hey Dude Shoes has not shipped one or more items of ordered merchandise, per company policy, Hey Dude Shoes has cancelled the order and instead of a refund to the consumers' form of payment, Hey Dude Shoes has issued consumers a gift card that could only be used on Hey Dude Shoes's website in the amount charged for the unshipped merchandise.

18. In numerous instances after consumers submitted orders for merchandise on Hey Dude Shoes's website, Hey Dude Shoes has not physically placed ordered merchandise in the possession of a carrier in the time represented.

19. In numerous instances when Hey Dude Shoes has not physically placed ordered merchandise in the possession of a carrier in the time represented, Hey Dude Shoes has not offered the buyer, without prior demand, an option either to consent to a delay in the shipment or to cancel the order and receive a prompt refund.

20. In numerous instances when Hey Dude Shoes has not offered the buyer the option to cancel the order or consent to a delay in shipment, Hey Dude Shoes has not canceled the order and have not provided consumers with a prompt refund.

21. Numerous consumers have complained directly to Hey Dude Shoes about late shipping, undelivered, or incomplete orders, including by phone, email, and Hey Dude Shoes's social media accounts. Many consumers have reported that it was difficult to reach Hey Dude Shoes and obtain information about the status of their orders. Many consumers have filed complaints against Hey Dude Shoes, including with the Better Business Bureau.

22. Hey Dude Shoes has not maintained records or documentary proof establishing its use of systems and procedures which assure compliance with the Rule in the ordinary course of business, including such systems and procedures to provide buyers offers and prompt refunds referenced in Paragraphs 19 and 20 above.

*Defendant's Review Suppression Practices*

23. Each product on Hey Dude Shoes's website provides consumers with the opportunity to review the product and rate it on a five-star scale. At the bottom of each product page is a section entitled "Real, unedited reviews from HEYDUDE fans." The section contains buttons labeled "Write A Review" and "Ask a Question." Consumers who click the button are invited to give the product a star rating from one to five, write a review, rate the comfort, size and width of the shoe, and click a button to "POST" it. If there are no customer reviews for a particular product, consumers are encouraged to "BE THE FIRST TO WRITE A REVIEW."

24. The average star rating for each product with existing reviews is featured multiple times on Hey Dude Shoes's website. The average star rating and number of reviews are displayed with the photo, product name, and price in the gallery of products that link to each product's page.

25. Each product page with existing reviews displays the product's average star rating at the top right of the page together with the product name and price, and buttons to select a size and "ADD TO CART."

26. The section on each product page entitled "Real, unedited reviews from HEYDUDE fans" displays the average star rating depicted as a number and shaded stars, a summary bar graph of the number of reviews with each star rating, and images to reflect the spectrum of how customers viewed the size ("Runs Small" to "Runs Large"), width ("Feels too narrow" to "Feels too wide"), and comfort ("Poor" to "Great") of the product.

27. The review section also displays the individual ratings and the text of the reviews. The page offers the option for consumers to search reviews through a query box and the option to select from a variety of search buttons such as "look," "fit," "size," "weight," "color," etc.

28. Hey Dude Shoes uses a third-party online product review management interface. The interface allows website operators to choose to have certain reviews

automatically post based upon their star ratings and hold lower-starred reviews for approval prior to posting.

29. From at least January 2020 through June 2022, Hey Dude Shoes chose to have five-star reviews post to the website with little scrutiny, and held lower-starred reviews for more individualized review. Hey Dude Shoes held, rejected, and did not publish more than 80% of their one-, two-, and three- star reviews.

30. Prior to June 2022, Hey Dude Shoes had written policies and procedures instructing its staff to publish certain types of reviews only if they were positive in nature.

31. Based on the facts and violations of law alleged in this Complaint, the FTC has reason to believe that Defendant is violating or is about to violate laws enforced by the Commission, because, among other things, Defendant continued its unlawful acts or practices despite knowledge of numerous complaints, and Defendant altered its unlawful policies or practices only after receiving a Civil Investigative Demand from the FTC.

## VIOLATIONS OF THE FTC ACT

32. Section 5 of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

33. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

### Count I – Deceptive Customer Review Practices

34. In connection with the advertising, promotion, offering for sale, or sale of Hey Dude Shoes products, Hey Dude Shoes has, through means described in Paragraphs 23–30, represented, directly or indirectly, expressly or by implication, that the product reviews on the Hey Dude Shoes website accurately reflect the views of all purchasers who submitted reviews of Hey Dude Shoes products to the website.

35. In truth and in fact, the product reviews on the Hey Dude Shoes website did not accurately reflect the views of all purchasers who submitted reviews of the

products because in numerous instances Hey Dude Shoes suppressed product reviews with ratings lower than four stars.

36. Therefore, Hey Dude Shoes's representations as set forth in Paragraph 34 are false or misleading and constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE MAIL, INTERNET, OR TELEPHONE ORDER MERCHANDISE RULE

37. The Rule prohibits sellers from soliciting any order for the sale of merchandise ordered through the mail, via the Internet, or by telephone or facsimile transmission "unless, at the time of the solicitation, the seller has a reasonable basis to expect that it will be able to ship any ordered merchandise to the buyer" either "[w]ithin that time clearly and conspicuously stated in any such solicitation; or [i]f no time is clearly and conspicuously stated, within thirty (30) days after receipt of a properly completed order from the buyer." 16 C.F.R. § 435.2(a)(1).

38. "Receipt of a properly completed order" means the time at which a seller receives full or partial payment tendered in the proper amount and form, including authorization to charge an existing charge account, and an order "containing all of the information needed . . . to process and ship the order." 16 C.F.R. § 435.1(c).

39. "Shipment" means the act of physically placing the merchandise in the possession of a carrier. 16 C.F.R. § 435.1(e).

40. Where a seller is unable to ship merchandise within the time stated in the solicitation or within 30 days, if no time is given, the seller must offer to the buyer "clearly and conspicuously and without prior demand, an option either to consent to a delay in shipping or to cancel the buyer's order and receive a prompt refund." 16 C.F.R. § 435.2(b)(1).

    a. Any such offer "shall be made within a reasonable time after the seller first becomes aware of its inability to ship," but in no event later than the time stated or within 30 days if no time is stated. 16 C.F.R. § 435.2(b)(1).

b. The offer must "fully inform the buyer regarding the buyer's right to cancel the order and to obtain a prompt refund" and provide either a definite revised shipping date or, "where the seller lacks a reasonable basis for providing a definite revised shipping date[,] . . . inform the buyer that the seller is unable to make any representation regarding the length of delay." 16 C.F.R. § 435.2(b)(1)(i).

41. A seller must "deem an order cancelled and . . . make a prompt refund to the buyer whenever [t]he seller has notified the buyer of its inability to make shipment and has indicated its decision not to ship the merchandise" or "[t]he seller fails to offer the option [to consent to a delay in shipping or cancel the order] and has not shipped the merchandise" within the time stated or within 30 days, if no time is given. 16 C.F.R. § 435.2(c)(4), (5).

42. Where there is a third-party credit sale, a "refund" requires a seller to send either (a) a credit memorandum to the creditor to remove the charge from the buyer's account and a copy of the memorandum to the buyer with the date it sent the memorandum to the creditor and the charge amount to be removed; or (b) a statement to the buyer acknowledging cancellation of the order and representing that the seller has not taken any action which will result in a charge to the buyer's account. 16 C.F.R. § 435.1(d)(2).

43. Where the buyer tenders payment by means other than cash, check, money order, or a credit sale, the seller must either (a) send instructions to the entity that transferred payment to the seller instructing the entity to return to the buyer the amount tendered in the form tendered, along with a statement to the buyer setting forth the instructions, the date of the instructions, and the amount to be returned; (b) return the amount tendered in the form of cash, check, or money order to the buyer; or (c) send the buyer a statement acknowledging the order was cancelled and representing that the seller has not taken any action regarding the order which will access any of the buyer's funds. 16 C.F.R. § 435.1(d)(3).

44. The Rule requires that a refund be sent by any means as fast and reliable as first class mail within seven working days of the date on which the buyer's right to a refund vests under the Rule. 16 C.F.R. § 435.1(b)(1).

45. Pursuant to Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), and 16 C.F.R. Part 435.2, a violation of the Rule constitutes an unfair or deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### Count II – Failure to Offer Buyer Options

46. As described in paragraphs 11–22 above, in numerous instances, in connection with mail, Internet, or telephone order sales, Hey Dude Shoes failed to ship properly completed orders for merchandise within the timeframe required by the Rule, and failed to clearly and conspicuously offer buyers, without prior demand, an option either to consent to a delay in shipping or to cancel an order and receive a prompt refund.

47. Therefore, Hey Dude Shoes's acts and practices, as set forth in Paragraph 46, violate Section 435.2(b) of the Rule, 16 C.F.R. § 435.2(b), and therefore are unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### Count III – Failure to Make Prompt Refunds

48. As described in paragraphs 11–22 above, in numerous instances, in connection with mail, Internet, or telephone order sales, when Hey Dude Shoes failed to ship properly completed orders for merchandise within the timeframe required by the Rule and failed to offer buyers the opportunity to consent to a delay in shipping or to cancel their order, Hey Dude Shoes did not cancel those orders and make prompt refunds to buyers. In addition, when Hey Dude Shoes notified buyers that it was unable to make shipment and indicated its decision not to ship merchandise, Hey Dude Shoes did not cancel those orders and make prompt refunds to buyers.

49. Therefore, Hey Dude Shoes's acts or practices, as set forth in Paragraph 48, violate Section 435.2(c) of the Rule, 16 C.F.R. § 435.2(c), and therefore are unfair

or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

50. Consumers are suffering, have suffered, and will continue to suffer substantial injury as a result of Hey Dude Shoes's violations of the FTC Act and MITOR. Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers and harm the public interest.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that this Court:

A. Enter a permanent injunction to prevent future violations of the FTC Act and the Rule by Defendant;

B. Award monetary and other relief within the Court's power to grant; and

C. Award any additional relief as the Court determines to be just and proper.

Respectfully submitted,

Dated: 09/11/2023

DELILAH VINZON, Cal. Bar No. 222681
   dvinzon@ftc.gov
ROBERT J. QUIGLEY, Cal. Bar No. 302879
   rquigley@ftc.gov
Federal Trade Commission
10990 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300; Fax: (310) 824-4380

Attorneys for Federal Trade Commission